UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       Case No. 2:24-cr-20457

v.                                    Honorable Susan K. DeClercq
                                          United States District Judge

TERRANCE FLETCHER,

        Defendant.
_____/

## ORDER DENYING MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE (ECF No. 65)

On October 2, 2025, Fletcher filed another motion to modify his conditions of pretrial release. ECF No. 65. In this latest motion, Fletcher adds details about his girlfriend, Tabitha Scott's need for post-partum support. *Id.* at PageID.495–96. He also proposes that his girlfriend serve as an alternative or additional third-party custodian. *Id.* at PageID.496. The Government opposes Fletcher's requested modifications. ECF No. 67. Fletcher's motion will be denied for two reasons.

First, a modification of Fletcher's conditions is not necessary for Fletcher to provide Scott with support. Indeed, to the extent that there are discrete tasks with which Scott needs assistance, Fletcher can coordinate with Pretrial Services to arrange for temporary leave from home detention. *See* ECF No. 34 at PageID.127 (providing an exception to Fletcher's travel restrictions when Fletcher obtains

consent of his pretrial services officer). Relatedly, Fletcher's current third-party custodian, Robert Worthy, could no longer serve as an effective custodian if Fletcher no longer resided with Worthy. True, Worthy might still see Fletcher at work on a near daily basis, as Fletcher notes in his motion. *See* ECF No. 65 at PageID.496. But that sort of limited contact is not sufficient to reasonably guard against Fletcher's risk of flight.

Second, this Court is not convinced that Scott could serve as an effective third-party custodian given her relationship to Fletcher and her ongoing medical needs. Moreover, the Government reports that Scott may be called to testify against Fletcher, making her an inappropriate third-party custodian because of the potential conflict. ECF No. 67 at PageID.511–12. Therefore, in the event that he is allowed to live with Scott, Fletcher has not identified a suitable third-party custodian or combination of custodians "able reasonably to assure the [Court] that [Fletcher] will appear as required and will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3142(c)(1)(B)(i).

Accordingly, it is **ORDERED** that Fletcher's Motion to Modify Conditions of Pretrial Release, ECF No. 65, is **DENIED WITHOUT PREJUDICE**.

**This is not a final order and does not close the above-captioned case.**

        */s/Susan K. DeClercq*
        SUSAN K. DeCLERCQ
        United States District Judge

Dated: October 20, 2025